IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVON WILLIAMS** | : CIVIL ACTION |
| | : |
| v. | : NO. 23-172 |
| | : |
| **SEAN MCGEE, SEAN SMITH, KEELY L. DEANGELIS** | : |
| | : |

## MEMORANDUM

**KEARNEY, J.**   **May 22, 2023**

    The incarcerated Devon Williams returns with an amended pro se Complaint again alleging a notary at the Montgomery County Correctional Facility deprived him of his First and Fourteenth Amendment rights of access to the courts by refusing to notarize his signature on an affidavit he wanted to share with his criminal defense lawyer before his criminal trial in state court. We dismissed Mr. Williams's complaint on February 9, 2023 following Congressionally-mandated screening for failing to plausibly plead a state actor denied him access to the courts. But we granted him leave to timely amend mindful of his pro se status although doubtful Mr. Williams could plausibly state a denial of access-to-courts claim based on his alleged facts.

    Mr. Williams now realleges the same denial of access-to-courts claim we dismissed. He continues to claim the Facility's notary's refusal to notarize his affidavit relating to pretrial discovery in a criminal action with appointed counsel to represent him is an unconstitutional denial of access to the courts. We dismissed these same facts in early February 2023 and have no basis to find differently today. We also cannot venture into a federal habeas analysis to the extent Mr. Williams tries to claim ineffective assistance of trial counsel. Mr. Williams has not pleaded a civil rights claim after two attempts. We dismiss his access to courts claim with prejudice and close this case consistent with Congress's mandate.

I.   **Alleged pro se facts.**

The Commonwealth detained Devon Williams on criminal charges at the Montgomery County Correctional Facility while awaiting a July 2022 trial.[1] Public Defender John Pavloff represented Mr. Williams in the criminal action.[2] A jury convicted Mr. Williams after a three-day criminal trial. Judge Wendy Rothstein sentenced him.[3] A Public Defender from the appellate unit appears to have appealed his conviction last week.[4]

Mr. Williams prepared an affidavit he intended to give to Attorney Pavloff and the court seeking "full disclosure of the criminal discovery" before the start of his criminal trial.[5] The Facility's notary Keely DeAngelis refused to notarize his affidavit. Notary DeAngelis's refusal to notarize his affidavit deprived him of the opportunity to give his attorney and the court "a properly formatted document of proof in the form of a witness to a verified statement concerning much needed discovery" in the defense of his criminal case.[6] Mr. Williams prepared this affidavit "due to the lack of communication and blatant ineffectiveness" of his attorney.[7]

II.  **Analysis**

Mr. Williams claims the Facility denied him access to the courts by failing to provide him with an adequate law library or adequate assistance from persons trained in the law in violation of *Bounds v. Smith*.[8] He pleads our February 9, 2023 Order and Memorandum dismissing his complaint "acknowledged that Notary DeAngelis's refusal to notarize [his] affidavit needed in criminal trial was indeed a denial of access to the courts."[9]

Mr. Williams again sues Notary DeAngelis, the Facility's Warden Sean McGee, and Assistant Warden Sean Smith for violating his First Amendment and Fourteenth Amendment due process rights. He again seeks $100,000 in punitive damages and a declaration Defendants' "policy and practice of denying him an opportunity to notarize a typed affidavit that was to be sent to his

attorney in his criminal case concerning much needed discovery violates the Fourteenth Amendment's Due Process clause considering the Commonwealth did not provide [him] with a full disclosure of criminal discovery, hindering him from advising his attorney of an effective defense for trial."[10]

We dismissed Mr. Williams's original Complaint on February 9, 2023 after granting his motion to procced *in forma pauperis*.[11] We explained to Mr. Williams as an incarcerated person with counsel he did not plausibly plead a denial of access–to–courts claim based on Notary DeAngelis's refusal to notarize his affidavit. We explained we could not imagine how Mr. Williams could plead a denial of access–to–courts claim, but granted him leave to amend his complaint if he could plead facts in good faith under the law.

Mr. Williams's second attempt at pleading a denial of access claim suffers from the same infirmities as his dismissed Complaint. We must again screen his pleading under section 1915(e)(2)(B)(ii).[12] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[13] We accept all fact allegations as true and construe those facts in the light most favorable to the plaintiff to determine whether he states a claim for relief plausible on its face.[14] We must be "mindful of our obligation to liberally construe a pro se litigant's pleadings ... particularly where the pro se litigant is imprisoned."[15] We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[16] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[17]

**A. Mr. Williams fails to state a First Amendment denial of access–to–courts claim.**

Mr. Williams fails to state a First Amendment denial of access–to–courts claim for all the reasons explained in our February 9, 2023 memorandum. The Supreme Court's decision in *Bounds*

3

*v. Smith* does not support Mr. Williams's theory our February 9, 2023 memorandum "acknowledged" Notary DeAngelis's refusal to notarize Mr. Williams's affidavit stated a denial of access–to–courts claim.

As explained in our February 9, 2023 memorandum, the Supreme Court in *Bounds v. Smith* held prisoners have a constitutional right of access to the courts.[18] But in *Lewis v. Casey*, the Supreme Court restricted the access-to-courts right in two important ways.[19] First, an incarcerated person alleging a denial of access to the courts must show "actual injury," meaning the incarcerated person must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."[20] Second, only certain types of claims—direct or collateral attacks on a sentence and challenging conditions of confinement—can support an access-to-courts injury.[21] The Court reasoned "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."[22] We explained to Mr. Williams he failed to meet these pleading requirements in the context of pretrial discovery in the criminal case against him and in a case where Attorney Pavloff represented him.

Even if the failure to notarize falls within the two types of cases recognized by the Supreme Court in *Lewis*, Mr. Williams again fails to allege "actual injury" stemming from the alleged failure to notarize an affidavit for use in discovery. He cannot allege an underlying nonfrivolous challenge to his underlying criminal prosecution he could not pursue because Notary DeAngelis refused to notarize his affidavit. There is no alleged injury traceable to the refusal to notarize his affidavit. He alleges he "suffered loss of full disclosure of criminal discovery" but does not explain how the Notary's decision caused actual injury other than an implausible assertion "there would no way

possible the Judge would have been able to impose the given sentence or any conditions of confinement."[23]

Mr. Williams fails to state a denial of access–to–courts claim. We dismiss his access to courts claims under the First and Fourteenth Amendments with prejudice.[24]

### B. Mr. Williams's attempted ineffective assistance of counsel claim is not properly before us.

Mr. Williams alleges he prepared the affidavit Notary DeAngelis refused to notarize "due to the lack of communication and blatant ineffectiveness" of his attorney.[25] To the extent Mr. Williams is attempting to allege a Sixth Amendment ineffective assistance of counsel claim, it is not properly before us. Sixth Amendment claims of ineffective assistance of counsel are ordinarily raised in a habeas petition under 28 U.S.C. § 2254 after exhausting his state court appeals and post-conviction relief remedies. Mr. Williams appears to have begun his appeal process last week.

### III. Conclusion

We dismiss Mr. Williams's amended Complaint with prejudice. He did not and cannot allege facts to plausibly state a denial of access–to–courts claim and cure the deficiencies of his pleading as fully explained in our February 9, 2023 screening memorandum. Nothing in our reasoning today should be interpreted as expressing a view as to a timely habeas petition if available to Mr. Williams after exhausting his state court remedies.

---

[1] Mr. Williams pleads essentially the same facts alleged in the amended Complaint as in the dismissed Complaint. We incorporate the alleged pro se facts from our February 9, 2023 Memorandum dismissing the Complaint. ECF Doc. No. 7.

[2] ECF Doc. No. 18 at 1.

[3] Mr. Williams is currently incarcerated at SCI–Fayette.

[4] A review today of the Montgomery County Court of Common Pleas's docket shows the Montgomery County Public Defender filed a notice of appeal on behalf of Mr. Williams on May 17, 2023. *Commw. v. Williams*, Montgomery County Court of Common Pleas, Docket No. CP–46–CR–2148–2021. The notice appears to be a direct appeal to the Pennsylvania Superior Court from Mr. Williams's July 2022 conviction.

[5] ECF Doc. No. 18 at 1.

[6] *Id.* at 2.

[7] *Id.* at 1.

[8] *Id.* at 4; *Bounds v. Smith*, 430 U.S. 817 (1977).

[9] ECF Doc. No. 18 at 4.

[10] *Id.* at 3.

[11] ECF Doc. Nos. 5, 7.

[12] 28 U.S.C. § 1915(e).

[13] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[14] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[15] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (cleaned up).

[16] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[17] *Id.* (quoting *Mala*, 704 F.3d at 245).

[18] *Bounds*, 430 U.S. at 828.

[19] 518 U.S. 343 (1996).

[20] *Id.* at 351.

[21] *Id.* at 355.

[22] *Id.* (emphasis in original).

---

[23] ECF Doc. No. 18 at 4.

[24] Mr. Williams again claims Notary DeAngelis's refusal to notarize his affidavit violates the First Amendment and Fourteenth Amendment Due Process clause. As explained in our February 9, 2023 Memorandum, Supreme Court jurisprudence grounds the constitutional basis for the right of access to the courts in the Privileges and Immunities Clause of Article IV, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment's Equal Protection and Due Process Clauses. *See* ECF Doc. No. 7 at 4, n. 22. We explained an incarcerated person retains a right of access to the courts under the First and Fourteenth Amendments. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing *Lewis*, 518 U.S. at 346). We explained then, as we do again, an incarcerated person may only proceed on access-to-courts claim under either the First or Fourteenth Amendments in challenges to his sentence and conditions of confinement. And, in those cases, an incarcerated person must show actual injury by losing a chance to pursue a nonfrivolous or argument underlying claim and they have no other remedy for the lost claim other than in the present denial of access suit. *Id.* (citing *Lewis*, 518 at 354-55 and *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Mr. Williams does not state a claim under this standard.

[25] ECF Doc. No. 18 at 1.